FILED BY _____ *MG*

Deputy Clerk

**May 19, 2015**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. **FTL**

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

15-61048 Civ-Dimitrouleas/Snow

OSMOND  MORRIS, and

DENISE MORRIS

     Civil Action No._____

    Plaintiff,

     Related Case # CACE 10-005540 (11)

     17th Judicial Court / Broward

     County, Fl.

vs.

     **TRIAL BY JURY DEMANDED**

GREG ROSENTHAL,

in his personal capacity,

and WELLS FARG BANK N.A.,

    Defendant(s)

_____/

## <u>COMPLAINT</u>

Plaintiff's OSMOND MORRIS AND DENISE MORRIS, PRO SE AND BY SPECIAL APPEARANCE (hereinafter Morris') sues the defendants, **GREG ROSENTHAL (hereinafter ROSENTHAL)**and **WELLS FARGO N.A.( hereinafter WELLS) for damages and allege as follows:**

### <u>GENERAL ALLEGATIONS AS TO ALL COUNTS</u>

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Defendant, **ROSENTHAL,** is and at all times material hereto, was practicing law in Broward County, Florida.

1

3. Defendant, **WELLS**, is a foreign banking institution, authorized and doing business in Broward County, Florida.

4. This is an action against the Defendants for misconduct related to origination, fraud, false claim upon the court, and/or servicing of single family residential mortgages.

5. As described below, Defendants' misconduct resulted in unfair and deceptive acts and practices in connection with loan servicing, premature and unauthorized foreclosures, violation of homeowners' rights and protections, the use of false and deceptive affidavits and other documents, and the waste and abuse of taxpayer funds. Each of the allegations regarding Defendant(s) contained herein applies to instances in which defendants, either herself, itself or through its agents, affiliates or subsidiaries, engaged in the misconduct alleged.

## THE PARTIES

6. The Plaintiff, MORRIS' (hereinafter referred to as "Plaintiff" is a natural person [individual] and consumer pursuant to Title 15 U.S.C.§ 1692a[3] and resides at 157 NW 79 Avenue, Margate, Florida 33063 pursuant to consumer protection enforcement and in the case of the common law authority, seeks injunctive relief, restitution, disgorgement of unjust enrichment or unlawful gains, and civil penalties for violation of the consumer protection laws.

7. For this Amended Complaint, Defendants, ROSENTHAL and WELLS FARGO are referred collectively as the "Defendants."

8. Defendant Rosenthal has operated in his personal capacity, and at all times material hereto has been practicing law doing business in and at Broward County as a "debt collector" as defined by the Fair Debt Collection Practices Act [hereinafter referred to as "FDCPA"], Title 15 U.S.C. § 1692a[6] and is not exempt under Title 15 U.S.C. § 1692a[6][A]-[F]. Defendant Rosenthal is liable for the above infractions listed in the Complaint. The Defendants are debt collectors pursuant to 1692a(6).

9. Greg Rosenthal, [hereinafter referred to as "Rosenthal" is a natural person employed by, hired by and/or otherwise works for and/or on behalf of and agent for Defendant, WELLS FARGO NA as a debt collector, pursuant to Title 15 U.S.C. § 1692a[6] and is not exempt under Title 15 U.S.C. § 1692a[6][A]-[F], and is personally liable for his actions as a debt

collector at all times relevant to this Complaint.

a) Rosenthal, in his personal capacity, was, at all times material hereto, doing business at Fort Lauderdale, Broward County, Florida. Defendant Rosenthal, individually and as a representative of Defendant Wells is liable, directly supervised, controlled, managed and administered the directions, authored the pleadings, filed the pleadings, and presented and argued the issues before the lower Court.

b) The business of Defendant WELLS is, inter alia, foreclosure services which includes the origination and servicing of residential mortgage loans. Defendant WELLS is a diversified financial services holding company which offers a full line of financial and banking services for consumers and businesses, is a mortgage origination and servicing company acting as a collection agency.

c) Defendant WELLS, doing business at Fort Lauderdale, Florida (hereinafter referred to as "Wells") is acting as a "debt collector" as defined by the Fair Debt Collection Practices Act [hereinafter referred to as "FDCPA"], Title 15 U.S.C. § 1692a[6] and is not exempt under Title 15 U.S.C. § 1692a[6][A]-[F]. WELLS BANK is liable for the above infractions listed in the Amended Complaint.

Defendants are subject to the stated federal and state violations and therefore not exempt under their alleged creditor status pursuant to Title 15 U.S.C. §1692a[6][F][ii][iii].

10. WELLS is a party to this lawsuit by which the Bank pursues the claim in consideration of receiving part of the proceeds or part of the judgment ("Champertry"). WELLS action and/or support of this action is guided under "Maintenance" by which WELLS maintains, supports or promotes the litigation of another. The amount of filings by Defendants and the termination of Defendants clearly prove that WELLS, or, with the exercise of reasonable care, should have known, and did approve of these conspiratorial activities of both Defendants in an attempt to illegally foreclosure on Plaintiff's residential real property.

11. Defendant, ROSENTHAL, individually and as a representative of Defendant WELLS

BANK, in his capacity as counsel to WELLS is alleged to have played a very influential role in the actions, practices, and determinations that Plaintiff and the lower Court was sorely subjected to, including but not limited to the filing of a fraudulent foreclosure action, culminating in a scheduled sheriff sale of Plaintiff's residential real property.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over Defendants because Defendants have transacted business in this District, and because Defendant has committed acts proscribed by the False Claims Act in this District. Title 15 U.S.C. § 1692k(d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy. Title 28 U.S.C. §1337 and 28 U.S.C. § 1331 and supplement jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367 and Declaratory relief is available pursuant to Title 28 U.S.C.§ 2001 and 2202.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) and 31 U.S.C. § 3732(a), 28 U.S.C. § 1345 because this is a civil action pursuant to 28 U.S.C. § 1355(a) because this is an action for the recovery or enforcement of a fine or penalty incurred under an Act of Congress, pursuant to Title 18 U.S.C. § 1966 – 1968, 12 U.S.C. § 5565(a)(1) to the extent the claims are "brought under Federal consumer financial law," and pursuant to 31 U.S.C. § 3732(a) to the extent the claims arise under the False Claims Act, 31 U.S.C. §§ 3729 to 3733, False Claims Act, and Title 15 U.S.C. §1692.

## CIVIL RICO

14. Pursuant to 28 U.S.C. § 1367 and 31 U.S.C. § 3732(b), this Court has supplemental jurisdiction over the subject matter of the claims asserted by the Plaintiff under the False Claims Act, 31 U.S.C. §§ 3729 to 3733 and under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5301 et seq.

## UNLAWFUL DEBT COLLECTION PRACTICES

15. The Fair Debt Collection Practices Act, [hereinafter the "FDCPA"]; the Florida Fair Credit Act, [hereinafter the "FCA"], constituting unfair and deceptive acts

4

and practices under the Florida Unfair Trade Practices and Consumer Protection Law, [hereinafter the "UTPCPL". These laws strictly prohibit debt collectors, creditors as well as actors acting as debt collectors from engaging in abusive, deceptive and unfair collection practices.

## FACTUAL ALLEGATIONS

_____In a collection proceeding, the Defendant WELLS. foreclosed and sold the Plaintiff's primary residential residence. The Defendants have misrepresented the true ownership of the Promissory Note in question, and have committed fraud upon the court by intentionally misrepresenting WELLS as the Owner, Holder and Party of Interest of the original mortgage loan instruments.

16.     WELLS is not a party of beneficial interest, is not the owner of the alleged Promissory Note, and DEFENDANTS are misrepresenting the true status of the Promissory Note ownership.

17. Defendants caused the Plaintiff's primary residence to be subject to foreclosure.

18. Defendants knowingly, attempting and subsequently having foreclosed upon, with execution of sheriff's sale, by measures void of any legal standing and/or capacity to accomplish same.

19.  Knowingly, once more attempting to foreclose upon homeowner/Plaintiff's property by utilizing a debt collector, void of any validation of alleged indebtedness, having directly caused issuance of a "Foreclosure Sale" that is literally riddled with blatant inaccuracies.

20. Defendant WELLS , by and thru its agents willfully and intentionally precluded Plaintiff 's valid effort(s) to eliminate any and all purported and/or alleged arrearages, thus depriving Plaintiff, not only the possibility of resolving the dispute timely and efficiently,  but equally causing Plaintiff, significant permanent harm with lingering damages as Plaintiff, fell further and further behind. These actions include but are not limited to:

a)  Repeatedly denying Plaintiff's initial and subsequent requests for both a full and accurate accounting and for reinstatement of payments whilst awaiting a full and accurate accounting of same.

b)  With reference to the above, Plaintiff, now believes a felony may have been

5

committed, particularly as it related to the above offense, which is not yet time-barred under Title 18, P.C.S §3927, "Theft for failure to make required disposition of funds received".

c) Plaintiff, subsequently caused the above issue to be raised directly with WELLS , and WELLS, simply chose to ignore the gross defects in proceeding with the scheduling of a sale.

d) Defendant WELLS,  knew or by the exercise of reasonable care, should have known that Plaintiff, the "least sophisticated consumer", was without any counsel at all and as such was an easy target.

e) Throughout this foreclosure, specifically (with ever-increasing urgency) Plaintiff, made numerous contacts with various sources, multiple law firms and alike in valid attempts to legally correct the fraudulent action taken against Plaintiff. The depth of stress caused Plaintiff, to become physically ill.

f) Defendants, in particular, were individually told by Plaintiff of the fatal flaws in pursuing the sheriff sale of the Plaintiff's property and yet continued to totally ignore repeated advisements.

g) Defendant, WELLS, knew or should have known that there were fatal flaws in the foreclosure action, had she merely reviewed said documents as was her fiduciary duty to do, and thus, having failed to, intentionally, willfully and/or purposely concealed the truth from the Court, the Broward County Solicitor, the people of Broward County, further causing severe emotional hardships, embarrassment, damages and great degradation upon Plaintiff, and the entire household for unjust enrichment for both himself and his client(s).

h) Defendant(s) lacked the proper authority to bring the Foreclosure Complaint, schedule sale of Plaintiff's property, and in so doing, committed a fraud and gross injustice upon Plaintiff, his family, this Honorable Court.

i) The Defendants had every opportunity to correct and/or stop the harassment, deceptive, oppressive, egregious activities that the Defendants were actively, wantonly engaged in. In doing so, Defendants deliberately failed to correct in the name of justice, said activities, thus exacerbating the extreme agony, emotional distrait and depth of suffering leveled upon Plaintiff, and his entire

family.

j) Defendants had every opportunity to correct the defects of the scheduled sheriff's sale but wantonly and intentionally hid, concealed and committed fraud upon this court and begs this honorable court to place sanctions against the Defendants for their criminal activities and complete disregard of rule of law and for doing great harm to the Plaintiff's household.

k) Defendants each and every one, had notice filed first through the State of Florida and recorded in Tallahassee and further filed and recorded in Broward County recorders office and further hand delivered to ROSENTHAL AND WELLS a formal UCC-1 filing in which a secured party creditor was identified. However, Defendants each and every one ignored such filing knowing that the secured party has a priority claim on the property in question.

# FIRST CLAIM FOR RELIEF
# FAIR DEBT COLLECTION PRACTICES ACT
# VIOLATIONS
# COUNT 1

21.     Plaintiff, in initiating this suit and in his limited capacity as a "least sophisticated   consumer", hereby relies upon the various actions undertaken by said Defendants et. al., both seen and unseen, as provided for by document(s) and/or exhibit(s) attached. Coupled to the overall complexity arising there from, upon further discovery, the degree of implication or culpability otherwise expressed or implied may or may not be limited to such allegations as contained herein.

l)     Defendants, individually and/or collectively on numerous and varied

occasions, in connection with the collection of an alleged debt that was in default obtained, maintained and/or otherwise controlled by defendants, henceforth, engaged in an enterprise by employing false, deceptive, or misleading representations or means, in violation of, including but not limited to FDCPA, 15 U.S.C. § 1692 et seq, Florida's Fair Credit Extension Uniformity Act, P.S. §2270.1 et seq. and the Florida's Unfair Credit Practices and Consumer Protection Law, 73 P.S. §201-1.

m) Plaintiff has asked for verification and/or validation numerous times and Defendants disregarded the legitimacy thereof in violation of 1692g.

n) DEFENDANTS violated the above mentioned laws by trying to collect an amount not authorized by law.

o) DEFENDANTS failed to follow state law in their illegal attempt to steal Plaintiff's property violated all the infractions referenced in paragraph herein.

p) Defendants actions by scheduling foreclosing upon Plaintiff's property clearly prove that Defendants had not reviewed the files in violation of 1692e(2)(a), e(3), e(10) and 1692f(1).

q) Defendants tried to collect attorney fees, interest and property against Plaintiff, not permitted by law. 1692e(2)(b).

r) Defendants actions prevented Plaintiff from pursuing a defense against Plaintiff's Constitutional and statutory rights.

s) Defendants, should be tried under Florida C.S. §42 1983, (Conspiracy).

t) Defendants either knew or by the exercise of reasonable care, should have known of illegal foreclosure action perpetrated upon Plaintiff, in complete disregard and not limited to above infractions mentioned herein.

u) Defendants violated 1692e(4) by threatening and stealing Plaintiff's property that was exempt by law from seizure without a proper

Complaint and proper determination by any judge thus approving of foreclosure action is a violation of 1692e(4) and all violations referenced herein.

v)      Defendants have violated 1692e(5) and all referenced violations by trying to collect improper fees and interest and principle when not authorized by law because of no Complaint and/or proper adjudicated foreclosure action was ever held by any court.

# FAIR DEBT COLLECTION PRACTICES ACT
## COUNT 1

w) Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto are incorporated herein by reference.

x) Defendants violated 1692(7) by improperly selling Plaintiff's property in order to disgrace consumer, for unjust enrichment.

y) Defendants have violated 1692(9) by using or distributing of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court which created a false impression as to its source, authorization, or approval.

z) Defendant ROSENTHAL is in violation of 1692et seq. and specifically1692 (9) and her Professional Code of Conduct by fraudulently presenting before the 17th Judicial County Court bogus legal documents that falsely stimulated legal process that was used by Defendants to illegally seek Final Summary Judgment and schedule sale of Plaintiff's property.

aa) Defendants illegally used legal captions, or legalistic formats, titles or phraseology that forced Plaintiff to defend against an illegal foreclosure action.

bb) Defendants used false representation and illegal, (bordering on criminal

conspiracy), documents as a deceptive means to collect unsubstantiated debt. 1692e(10).

cc) Defendants letters that simulated legal process violate 15 U.S.C. §§1692e(5), 1692e(9), 1692e(13) and 1692e(10).

dd) Defendants violated 1692e(10) by falsely representing proper assignment of the debt and/or never had legal assignment.

ee) Defendants practice an unauthorized practice of law when creating and using illegal documents to steal Plaintiff,'s property by representing to the Court that they had properly filed documents and/or legal documents in order to engage in the illegal foreclosure proceedings and scheduled sheriff sale.

ff) Defendants illegal actions by falsely representing to legal authorities that a Foreclosure Complaint and scheduled sheriff sale of Plaintiff's property legally denied Plaintiff, a proper defense to the illegal, deceptive, unconscionable, appalling, indefensible, intolerable, unforgivable, inexcusable and egregious actions in complete disregard of Plaintiff's Constitutional rights.

gg) Defendants have not given Plaintiff, his required 1692e(11) notices as required by law.

hh) Defendants, have entered into a criminal conspiracy for the purpose of executing a scheme or artifice to defraud Plaintiff, of his property in direct violation of Title 18 U.S.C. §1341.

ii) Defendants have entered into a criminal conspiracy for the purpose of executing a scheme or artifice to defraud Plaintiff, of his property by deceptive tactics in violation of Title 39 U.S.C. §3001(h), (i), by using the U.S. Mail in order to deliver deceptive solicitations sent through the United States Postal Service.

jj) Defendants have entered into a criminal conspiracy for the purpose of executing a scheme or artifice to defraud Plaintiff of his property in direct violation of Title 39 U.S.C. §§3001, 3005 by mailing falsely created illegal documents that represented a false communication for the purpose of obtaining money or property that is delivered by the United States Postal Service.

kk) Defendants have entered into a criminal conspiracy for the purpose of

executing a scheme or artifice to defraud Plaintiff, of his property in direct violation of Title 39 U.S.C. §3001(d) by creating simulated bills and/or illegal Court documents.

ll) Defendants have entered into a criminal conspiracy for the purpose of executing a scheme or artifice to defraud Plaintiff, of his property in direct violation of Title 18 U.S.C. §1341 by using a fraudulent scheme to collect a debt.

mm)   Defendant have entered into a criminal conspiracy for the purpose of executing a scheme or artifice to defraud Plaintiff of his property in direct violation of §§1692d(1) and 1692e(5) makes Defendant's actions illegal and criminal debt collection conduct actionable

nn)Defendants entered into a criminal conspiracy for the purpose of executing a scheme or artifice to defraud Plaintiff of his property is actionable under mail fraud statute, tort laws, unfair trade practices statutes and is also a predicate offense for a civil RICO claim under The Federal Racketeer Influenced and Corrupt Organization provisions of the Organized Crime control Act of 1970.

oo) Plaintiff, is a "consumer" as defined by 15 U.S.C. §1692a(3) of the Fair Debt Collection Practices Act. (Hereinafter referred to as FDCPA) and other law mentioned in the caption page of this Amended Complaint.

pp)Defendants are "Debt Collectors" as defined by 15 U.S.C. §1692a(6).

qq)Contacts made between Defendants were "communication(s)" relating to a "debt" as defined by Title 15 U.S.C. §1692a(5).

rr) Defendants severally and collectively, violated 15 U.S.C. §1692d, e, f, g, and j by using and/or causing to be used communication(s) that threatened and intimated Plaintiff and his family.

ss) Defendants severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the character of the debt.

tt) Defendants severally and collectively violated 1692e(2)(a) by falsely claiming that they have the holder in due course status and/or the holder of proper assignment in order to collect upon alleged debt.

uu)Defendants severally and collectively violated 15 U.S.C. §1692e(2)(a),

1692f(1) by false representation of the character, amount or legal status of the alleged debt with no file in which to review the case. 1692e(3) 1692e(2)(a) and (b) 1692f(1).

**vv)** Defendants severally and collectively violated 15 U.S.C. §1692e(2)(a) by false representation of the Amount of the Debt, the whole effect, substance, quantity, import, result, or significance thereof.

**ww)**  Defendants violated 15 U.S.C. §1692e(2)(a), 1692e(5) and 1692(10) by obtaining a Final Summary Judgment alleging Defendant had Legal Status to collect a debt, based on a fraudulent complaint coupled to an incomplete summary of accounts statement.

**xx)** Defendants violated 15 U.S.C. §1692e(2)(a) by false representation of the Amount, by filing a foreclosure action when in fact they had no legal documentation in order to file any Complaint.

## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT 111

**yy)**    Plaintiff repeats, alleges and incorporates by reference all above paragraph hereto are incorporated herein by reference.

**zz)**    Defendant has admitted by implication, failure to file and or produce the original documents which created the alleged debt, that Defendants had no legal documentations in order to legally foreclosure on Plaintiff's property so they created and/or used fraudulently created illegal documents in Defendant's foreclosing action.

**aaa)**    Defendants violated 15 U.S.C. §1692 e(2)(a) by false representation of the Amount, to the court without any verifiable information concerning the alleged debt (Title 15 U.S.C. § 1692a (5)) by stating as fact, without any original documents to prove that they were the real party of interest with capacity to foreclose. The real fact of the matter is Defendants have NOT PRODUCED ANY ORIGNAL contract and/or agreement, no

documents, no Promissory Note, no holder in due course status, HAVE NOT PROVEN THEY are in possession of any Mortgage Note and the real party of interest needed to legally foreclose on Plaintiff.

bbb)   Defendants each violated 15 U.S.C. §1692e(2)(a) by false representation of the Amount.

ccc)   Defendant violated 1692e(5), (4) and (10) by not having authority to commence legal action without proper legal documents.

ddd)   Defendants violated 15 U.S.C. §1692e(2)(a) by false representation of the Amount, by stating Plaintiff had not protested, disputed or objected to the statements of the Alleged Debt. (1692f(1), e(10) d(1) e(3).

eee)   Defendants violated U.S.C. §1692e(2)(a) by false representation of the Amount, by stating there was no protest, dispute or objection to the foreclosure action.

fff) Defendants each violated 15 U.S.C. §1692e(2)(a) by false representation of Amount by stating Plaintiff received a written statement each month which accurately Stated Debits and Credits to the account when in fact Defendants had not provided that information.

ggg)   Defendants violated 15 U.S.C. §1692e(3) by using U.S. Mails to forward

hhh)   Letters to Plaintiff misleading Plaintiff to believe Defendants had legal representation of entire case. Defendants violated 15 U.S.C. §1692e(3) by representing the Communication as coming from a Lawyer.

iii) Defendant severally and collectively, violated 15 U.S.C. §1692e(3) by falsely representing to Plaintiff, and/or other parties by and through the actions undertaken by said Defendants that each had thoroughly examined the complete file.

jjj)   Defendants severally and collectively, violated U.S.C. §1692e(2)(a) by falsely representing the Character, the ethical qualities of the subject matter of alleged Debt.

kkk)   Defendants severally and collectively, each violated U.S.C. §1692e(8) by

not reporting correct information to credit bureau agencies that the "Debt was disputed".

lll) Defendants severally and collectively, violated U.S.C. §1692e(8) by not correcting false information now found on the credit bureau agencies records.

mmm)   Defendant each violated 15 U.S.C. §1692e(10), f(1) by charging an amount not proven to be the amount of Debt purchased.  By law, Defendant(s) can only charge Amount of debt purchased, plus interest.

nnn)   Defendants each violated §1692e(2)(b) by false representation of any service rendered or compensation, which may be lawfully received by any Debt Collector for the collection of Debt.

ooo)   Defendants violated §1692e(2)(b) by false presentation of the compensation, which may be lawfully received by any Debt Collector for the collection of Debt by stating a generic statement on Complaint as "and the costs of this action", which does not break down the Defendant's fees with specificity.

ppp)   Defendant severally and collectively violated §1692e(2)a, (5) and (10) by misrepresenting the imminence of legal action by Defendants.

qqq)   Defendants violated §1692e(2)(b) by false representation of service rendered or compensation, which may or may not be lawfully collected by any Debt Collector for the collection of debt, and by not showing the total costs Defendants plans to invoice.

rrr) Defendants severally and collectively, violated §1692e(13) by representing to have original documentations when in fact; Defendants have not produced any original documents.

sss)   Defendants violated §1692e(13) by alluding to the fact that knowledge of records was available to Plaintiff, when they were not.

ttt) Defendants violated §1692e(2)(a) and e(13) by representing debit and credits as evidence of debt and verification thereof.

14

uuu)    Defendants violated §1692e(2)(a) and e(13) by representing any original

       documents in books of account that Defendants do not have, or have not proven to have.

vvv)    Defendants have not produced any Mortgage Note needed to be a true holder in due course.

www)  Defendants have not produced any legal status of the debt in violation of 1692e(2)(a) can not produce any verifiable foreclosure papers so Defendant just simply created their own foreclosure papers.

xxx)    Defendants cannot substantiate the actual existence of the original Mortgage Note and/or prove that any one of the Defendants is the holder in due course to collect the alleged Debt, a violation of 15 U.S.C. §1692et seq.

yyy)    Defendants having had or now having direct interest filed an unwarranted and/or illegally supported foreclosure action as a means to harass, oppress and abuse, a violation of 15 U.S.C. §1692d and other violations referenced in paragraph number 159.


a)  Defendant ROSENTHAL who represented himself as an Attorney, which implies more authority than a Debt Collector that is not an Attorney should know enough to follow state and federal laws.

b)  Defendant ROSENTHAL having direct interest by enterprise therein, precipitously filed illegal documents in order to receive a Final Summary Judgment usurping due process otherwise afforded Plaintiff.

c)  Defendant ROSENTHAL filed and subsequently received a Final Judgment Order as a means to rile, agitate, scare, intimidate, and abuse title of authority, a violation of 15 U.S.C. §1692d.

d)  Defendants are in violation of 15 U.S.C. §1692d in that they filed for a Foreclosure Complaint, Final Summary Judgment and or in Mortgage Foreclosure respectively, void of any merit by which to be legally founded upon, as a means to cause damages, grief, worry, and fear and in trepidation,

resulting in serious mental and physical anguish and pain.

e) Defendants are in violation of 15 U.S.C. §1692e(3) by false representation or implication that the entire file has been thoroughly examined by an attorney and that all communications are from an attorney when in fact all was done by a debt collector.

f) Should Defendant(s) have examined the complete file, it would have been readily determined that the alleged Debt was in dispute, 1692e(3).

g) Defendants has violated 15 U.S.C. §1692e(3) by false representation that all Communications were from attorney who has completely reviewed the files and the fact of receiving Notice initiated by Defendants caused Plaintiff, to conclude (incorrectly) that Defendants had reviewed and verified the validity of the alleged and/or disputed debt.

h) Defendants have never produced the original Mortgage Note proving that any of them is due to collect through the holder in due course requirements of the Uniform Commercial Code.

i) Defendants are in violation of U.S.C. 15 §1692f(1) as they have produced no legal document to prove this Debt.

j) Defendants are in violation of U.S.C. 15 §1692f(1) as Defendants have and/or now are taking Plaintiff to Court without any written documentation of proof.

k) Defendants violated 15 U.S.C. §1692f(1) by not providing any copies of documentation in which to substantiate their alleged claim.

l) Defendants violated 15 U.S.C. §1692g for improper validation of Debt.

m) Defendants violated 15 U.S.C. §1692i in that they have no legal standing to bring any action.

n) Defendants violated 15 U.S.C. §1692 by having no position legally to file any Suit.

o) Defendants violated 15 U.S.C. §1692et seq., in that they have no legal standing to bring action as they have not been honest and forthright in their pursuit.

p) As a result of the above violations of the FDCPA, all Defendants' are severally and/or collectively liable to the Plaintiff for damages that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages and

cost.

q) Defendants' actions in inflating the amount of the debt further violated 15 U.S.C. §1692f(1) in that Defendants were and are attempting to collect a sum, including any interest, fee charge or expense incidental to the principle obligation, that was not authorized by the expressed agreement and or contract.

r) Defendant ROSENTHAL lacks the original agreement and/or contract she initiated court action in complete disregard of the FDCPA in its entirety.

s) If Plaintiff is indeed liable to Defendants, Plaintiff, is liable in far less amount being demanded by said Defendant(s).

t) Defendants' action(s) were and are false and misleading representation (1692e) and were deceptive (1692f(1)) in violation other sub-section of Title15 U.S.C. §1692et seq.

u) Defendants' actions was false and misleading and in violation of 15 U.S.C. §1692 e(5) in that the debt collector could not lawfully take such action against Plaintiff,  since the said action would have violated 15 U.S.C. §1692f(6) in that the property sought to be attached would have been exempt.

v) All the actions specifically undertaken by Defendants as otherwise supported, directed, supervised and/or controlled by the actions of one or more of the above captioned Defendants, violated 15 U.S.C. §1692f as an unfair and/or unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

w) The entire actions of Defendants by and through the collaborative efforts of each and every above captioned Defendant as may have been severally and/or collectively involved, violated 15 U.S.C. §1692e in that the actions were false, deceptive and misleading representation in that the Defendants et. al., did not provide any documentary evidence to validate that Plaintiff, owed Defendants. Defendants could not even prove that Plaintiff owed any money.

x) Defendants, by sending the sheriff to serve legal action against Plaintiff caused Plaintiff to suffer damages including but not limited to humiliation, embarrassment, and reasonable fear of personal harm, assault and/or battery.

y) Defendants caused Plaintiff a great deal of emotional distress, by attempting to

sell of Plaintiff, property, subjecting Plaintiff, to public ridicule, embarrassment, and mental anguish.

z) Plaintiff, now realizes that Defendants literally would through deception forced the least sophisticated consumer, to give up unknowingly the value of his property to the Defendant, WELLS, without receiving any valuable consideration in direct violation of all the referenced violations.

aa) Defendants should be sanction by this Honorable Court for these egregious offenses against Plaintiff.

bb) Defendants have used the Courts illegally and the courts should conduct their own sanctions hearing for these inexcusable actions by licensed attorneys supposedly trained in the practice of law.

cc) Defendants should have their licensed suspended for their wanton disregard of the law, the fraud committed upon the court, and the direct violations of Plaintiff's Constitutionals rights.

dd) Defendants' acts as described above, were done intentionally with the purpose of coercing and harassing Plaintiff into paying the alleged Debt.

ee) As a result of the above violations of the State Act, the Defendants, are liable to the Plaintiff for declaratory judgment that Defendants conduct violated the State Acts, Federal Acts and Plaintiff actual damages, punitive damages, statutory damages and any other cost this honorable court can bestow upon these debt collecting law breakers.

ff) Defendant knew and should have known that of their illegalities they have perpetuated upon this Honorable Court, our federal and state laws. Defendants should be disciplined and or disbarred for their knowing and malicious vagrant lack of adherence to the laws and assault upon Plaintiff.

gg) Defendants could not be the "Holder In Due Course" of the Promissory Note and/or negotiable instrument(s) within the provisions of Florida Uniform Commercial Code.

hh) Defendants preceded with these legal actions in spite of its own knowledge that the loan in question was not funded with valuable consideration other than that belonging to the Plaintiff constitutes unauthorized alterations of the instrument

contrary to Uniform Commercial Code on Alternations.

ii) To be the Holder In Due Course, Defendants had to prove that WELLS, the alleged creditor had purchased the negotiable instrument for value.

jj) Defendants, upon examining the complete file would have realized that there was reasonable doubt as to the true Owner, Holder and Party of Interest of the Note and Mortgage (negotiable instrument(s)) and would not have filed for foreclosure sale.

kk) The Defendants have violated the Federal Trade Commission's UDAP for all the reasons stated herein.

ll) Defendants' acts as described set forth in the Complaint were performed intentionally for the purpose of coercing and harassing Plaintiff into paying the alleged Debt.

mm)   Defendants have violated the criminal provisions of The Consumer Credit Protection Act. Title 15, §§ 1611 and the FCRA 1681q.

nn) Defendants have violated the "susceptible consumer" standard used in section 1692d  as clearly taking advantage of Plaintiff ,'s lack of legal sophistry as an analogous to the "least sophisticated consumer" standard used in 1692e.

oo) Defendants have violated 1692d(2) because of their conduct by using language of which the natural consequence of which is to abuse the hearer or reader

pp) Defendants have violated 1692d(3) by furnishing and/or listing potential foreclosure sale actions against Plaintiff, on a shame list that is strictly prohibitive under this section.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FCEUA AND UTPCPL
### COUNT V

8.   Plaintiff repeats and re-alleges and incorporates herein all the above paragraphs inclusive, of this Complaint as though they were set forth at length.

9.   Defendants are "debt collectors" as defined by 73 P.S. § 2271.3 of the FCEUA.

10.  Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

11.  The above contacts made between the Plaintiff and Defendant(s) were

"communications" relating to a "debt" as defined by of the FCEUA.

12. Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA.  Defendants' violations of the FCEUA and UTPCPL include, but are not limited, as evidenced by the following conduct:

a)   Threatening legal action and demanding payment of a non-valid debt without proper verification and no lawful documents and sending the sheriff to Plaintiff's home affixing a foreclosure sale notice on the front door is violating the FDCPA;

b)   Continuing to use Plaintiff's telephone as a means of harassment by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy Plaintiff even after Plaintiff expressed his rights to any further communications be made in writing to him;

c)   Falsely representing that the alleged debt was not in dispute subsequent to the mailing of Plaintiff correspondence to Defendants disputing said debt and requesting validation of the same; and

d)   Knowingly reporting false and inaccurate information to the credit bureaus about Plaintiff including the failure to communicate that the debt was disputed.

e)   Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff 's rights under the law and with the purpose of coercing him to pay the alleged debt.

f)   Defendants violated the Florida Fair Credit Extension Uniformity Act  (the "FCEUA"). Defendants' violations of the FCEUA include, but are not limited to, the following:

g)   The Defendants violated the Fair Debt Collection Practices Act (Public Law 95-109,15 U.S.C. § 1692 et Seq.)

h)   Defendant' acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the alleged debt.

i)   As a result of the foregoing violations of the FCEUA and UTPCPL, Plaintiff, has suffered ascertainable losses entitling him to an award of actual, statutory and treble damages and attorney's fees and costs. Plaintiff's actual damages, statutory damages, and costs and attorney's fees. Second Claim for Relief

j)   WHEREFORE, Plaintiffs respectfully prays that judgment in a sum no less than $2,000,000 be entered against the Defendants in addition to the following:

k)   Immediately Stay the foreclosure until all issues in dispute are resolved

l)   Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the Defendants violations of the state Act;

m)  Actual damages;

n)   Statutory damages pursuant to 15 U.S.C. § 1692k.

o)   Statutory damages.

p)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

q)   For such other and further relief as may be just and proper.

dated this 18th day of May, 2015

Denise Morris

157 NW 79 Ave Margate, FL 33063

(954)974-1900

Email:morris_pleadings@yahoo.com

## CERTIFICATE OF SERVICE

I, Denise Morris, caused to be mailed via first class United States Postal Service a copy of the above Complaint to ROSENTHAL AND WELLS at MOSKOWITZ MANDELL SALIM & SIMOWITZ, PA 800 CORPORATE DRIVE, STE 501 FT. LAUDERDALE, FL 33334, on 19 day, of May 2015

DENISE MORRIS

157 NW 79 Ave

Margate, FL 33063

(954)974-1900

morris_pleadings@yahoo.com